UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY J. FLEMING,

        Plaintiff,                        CIVIL ACTION NO. 04 CV 74081 DT

        v.                                 DISTRICT JUDGE NANCY G. EDMUNDS

CITY OF DETROIT, et al.,           MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This is a civil rights case brought under 42 U.S.C. § 1983 in which the plaintiff, Leroy Fleming, alleges that defendants, the City of Detroit and its former Police Chief, Jerry Oliver, violated his constitutional rights in connection with his arrest following a domestic dispute. The matter comes before the court on defendants' motion for summary judgment. For the reasons set forth below, the court recommends that the motion be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**I. Background**

      **A. Factual Background**

      Plaintiff alleges that on March 29, 2002, he called 911 to report that his half-sister, Ronda Fleming, had physically assaulted him in his home. City of Detroit Police Officer Loosevelt and his partner responded to the call. After speaking with the involved parties, the officers arrested

plaintiff and transported him to the 13th Precinct. He was released on a personal bond the following day, with directions to appear in the 36th District Court on April 8, 2002.

Shortly after he was released on bond, Gregory Harrell, Ronda Fleming's boyfriend, confronted plaintiff in front of his house and assaulted him, brandishing a semi-automatic handgun during the incident. There were several eyewitnesses to the assault. One witness, a Mich-Con employee, called the police, and one or more officers responded. Plaintiff informed the responding officers that Harrell had gone to the nearby home of plaintiff's first cousin, but the police took no action.

Later that same day (March 30, 2002), plaintiff went to the 13th Precinct to file a complaint against Harrell and/or Ronda Fleming. Plaintiff was informed that the March 29 and 30 police reports constituted his complaint. He was ordered to leave the precinct immediately or face arrest for creating a disturbance. Later that day, plaintiff made four 911 calls to report that Harrell had pistol-whipped him inside his home. No officers were dispatched to plaintiff's home.

**B.  Procedural History**

On October 18, 2002, plaintiff filed suit (E.D. Mich. Case No. 02-74146) under 42 U.S.C. §§ 1983, 1985, and 1986 against the City of Detroit, Investigator A. Coleman of the Detroit Police Department, and three Detroit Police Officers identified as John Doe #1, John Doe #2, and Jane Doe. In that action, which was based upon the same incident that forms the basis of the present cause of action, plaintiff alleged that the John and Jane Doe defendants violated plaintiff's due process rights by failing to protect him from the March 30, 2002 assault perpetrated upon him by Harrell, that defendant Coleman violated his First and Fourteenth

Amendment right to access the courts by refusing to permit him to file criminal complaints against those involved in the incident, that the defendants conspired to violate his civil rights, that defendant Coleman violated his equal protection rights by arresting him in connection with the incident, but not Harrell or Ronda Fleming, and, finally, that the City of Detroit was liable under § 1983 based on its failure to properly train its officers.

On July 24, 2003, Magistrate Judge Whalen issued a Report and Recommendation in which he recommended that defendants' motion for summary judgment be granted and that the case be dismissed, in its entirety, with prejudice. Judge Whalen concluded that plaintiff had failed to demonstrate that any constitutional violation had occurred. Further, pursuant to 28 § 1915(e)(2)(B)(I), Judge Whalen declared that the action was frivolous: "A review of the Complaint and exhibits submitted by Plaintiff shows that this case has absolutely no basis in law or fact, as discussed in the preceding sections. Therefore, the Complaint should be dismissed with prejudice as frivolous." See Report and Recommendation, Case No. 02-74146, July 24, 2003, pp. 14-15. On August 29, 2003, Judge Cleland entered an order adopting the Report and Recommendation and rendered a judgment in favor of the defendants. The Sixth Circuit affirmed the judgment on August 12, 2004.

On November 2, 2004, plaintiff filed the present cause of action against the City of Detroit, former Police Chief Oliver, Officer Loosevelt, and a Jane Doe defendant identified as

Officer Loosevelt's "female partner."[1] Alleging the identical set of facts he alleged in the prior case, plaintiff appears to raise the following claims in his complaint:

> (1) Officer Loosevelt and his partner violated plaintiff's Fourth Amendment Rights by entering his home and arresting him without a warrant;
>
> (2) Officer Loosevelt and his partner violated plaintiff's equal protection and due process rights by failing to take appropriate action to protect plaintiff from further harm after responding to his initial 911 call;
>
> (3) The City of Detroit and/or Chief Oliver had a pattern or practice of failing to adequately supervise its officers and such pattern or practice was a moving force behind the deprivation of his constitutional rights;
>
> (4) The City of Detroit and/or Chief Oliver had a pattern or practice of condoning constitutional violations by its officers and such pattern or practice was a moving force behind the deprivation of his constitutional rights;
>
> (5) The City of Detroit and/or Chief Oliver had a pattern or practice of failing to adequately train its officers in how to respond to domestic violence complaints, and such pattern or practice was a moving force behind the deprivation of his constitutional rights;
>
> (6) Officer Loosevelt and his partner discriminated against defendant on the basis of his gender when they arrested him, and not Ronda Fleming, in connection with the domestic disturbance;
>
> (7) The City of Detroit and/or Chief Oliver had a pattern or practice of failing to adequately train its officers in how to respond to 911 calls, and such pattern or practice was a moving force behind the deprivation of his constitutional rights;
>
> (8) Officer Loosevelt and his partner violated plaintiff's equal protection rights by refusing to take a cross-complaint from plaintiff against Ronda Fleming, and such refusal was made pursuant to a pattern or practice implemented by the City of Detroit and/or Chief Oliver;

---

[1]Plaintiff was incarcerated at the time he filed this action, but it is not entirely clear from the record whether he was incarcerated on charges related to the incident described above or whether his imprisonment was a result of unrelated charges. In any event, plaintiff, who is proceeding in this matter *pro se*, has since been released.

(9) Officer Loosevelt and his partner, pursuant to a pattern or practice of the City of Detroit, selectively enforced the law against plaintiff in violation of his equal protections rights;

(10) Defendants violated plaintiff's civil rights in violation of Michigan's Elliot-Larsen Act;

(11) Officer Loosevelt and his partner used excessive force upon plaintiff, falsely arrested him, and committed an assault and battery upon him in violation of Michigan law.

The matter comes before the court on a motion for summary judgment filed by the City of Detroit and Chief Oliver. They argue among, other things, that the action is barred under the doctrine of res judicata.[2]  As explained below, the court agrees.

### III.  Analysis

#### A.  Jane Doe Defendant

Before turning to the claims against the City of Detroit and Chief Oliver, the court must first address the claims against the Jane Doe defendant, which are still a part of this lawsuit, in form if not in substance. In order to avoid leaving any loose ends, the court will first address those claims.

---

[2]Defendants also claim that they are entitled to qualified immunity, that plaintiff's action is barred under Heck v. Humphrey, 512 U.S. 477 (1994), and that plaintiff's suit is otherwise subject to summary dismissal. However, each of these arguments are made in the most perfunctory manner, with no developed argumentation, no reference to any evidentiary materials, and no attempt to relate any of these defenses to any particular claim raised in plaintiff's complaint. It is not the court's responsibility to flesh out these bare-bones arguments. Defendants' *res judicata* argument is likewise poorly supported. However, because, in the court's view, the claims against the City and Chief Oliver are clearly barred on *res judicata* grounds, the court will entertain that argument. Should the district court reject this Report and Recommendation, defendants may re-raise their other defenses in a properly supported brief.

On September 22, 2005, this court recommended that the claims against Officer Loosevelt be dismissed based upon plaintiff's apparent request for voluntary dismissal or, in the alternative, for plaintiff's failure to prosecute his claims against Officer Loosevelt. On January 3, 2006, Judge Edmunds entered an order adopting the Report and Recommendation and dismissing all claims against Officer Loosevelt. Though plaintiff's request for voluntary dismissal also appears to have encompassed the claims against the Jane Doe defendant and plaintiff had failed to prosecute his claims against Jane Doe, the court took no action as to those claims at the time it recommended that the claims against Officer Loosevelt be dismissed. Thus, as noted above, the claims against the Jane Doe defendant are technically still a part of this cause of action. Based on plaintiff's prior request for voluntary dismissal or, in the alternative, based upon plaintiff's failure to prosecute, the court recommends, as it did with Officer Loosevelt, that plaintiff's claims against the Jane Doe defendant, identified as Officer Loosevelt's female partner, be dismissed.

**B.  Res Judicata**

The City of Detroit and Chief Oliver contend that this action is based upon the same set of facts that gave rise to the prior action (Case No. 02-74146) and that the judgment dismissing the prior action bars litigation of the claims raised in this proceeding.

"The doctrine of *res judicata*, or claim preclusion, provides that a judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995)(quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). In order for the doctrine to apply, four elements must be present: "(1) a

final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." Kane, 71 F.3d at 560.

There is no question that plaintiff's prior suit was dismissed by a court of competent jurisdiction and that the judgment rendered in that action is now final. Further, the second element of the doctrine is plainly met as to the City of Detroit, which was a party to the prior proceeding. Chief Oliver was not a party to the prior proceeding, thus the issue of whether the claims against him are barred by res judicata turn, initially, on whether he is in privity with the City of Detroit. The court will address this issue further below. As to the third element, each of the claims raised in this action against the City of Detroit either was, or could have been, brought in the prior proceeding. There is nothing in the record indicating that plaintiff did not have a full and fair opportunity to litigate his claims against the City in the prior case or that there was some impediment that prevented him from raising in first case any and all claims he might have against the City. Accordingly, the third element of the *res judicata* test has been met. Likewise, there is no question that there is an "identity of causes of action" between the first suit and the present matter. This action is predicated upon the same incident that gave rise to the first cause of action and the same facts are alleged in both complaints. In sum, the court finds that plaintiff's claims against the City of Detroit are barred by *res judicata*.

As noted above, Chief Oliver was not a party to the prior action. However, if there is a sufficient identity of interests between Chief Oliver and the City of Detroit such that it may be

said that Chief Oliver is in privity with the City, then the claims against Chief Oliver, like the claims against the City, are barred under the doctrine of *res judicata*.

Plaintiff stated in his complaint that he was bringing suit against Chief Oliver in both his personal and official capacities. A suit brought against a city official in his official capacity is, in effect, a suit against the city itself. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1244-45 (6th Cir. 1989); Shamaeizadeh v. Cunigan, 338 F.3d 535, 556 (6th Cir. 2003). Thus, any claims brought against Chief Oliver in his official capacity are effectively claims against the City of Detroit. Because the claims against the City are barred by *res judicata*, the official capacity claims against Chief Oliver are likewise barred. Pittman v. Michigan Corrs. Organization, 123 Fed.Appx. 637, 640 (6th Cir. 2005)("A government official sued in his or her official capacity is considered to be in privity with the government. Therefore . . . a prior judgment involving the government will bar an action against individual officers of the government in their official capacity for the same claim." (citations and quotations omitted)).

While privity generally exists between a city official sued in his official capacity and the city, the opposite is generally true as to a city official sued in his personal capacity. See Mitchell v. Chapman, 343 F.3d 811, 823 (6th Cir. 2003). As the Eighth Circuit stated in Connor v. Reinhard, 847 F.2d 384, 394 (8th Cir. 1989)(citations and quotations omitted):

> An official-capacity suit is really just another way of suing the government . . .. Therefore, a city official sued in his official capacity is generally in privity with the municipality.
>
> A government official sued in his personal capacity, however, presents a different case. If the plaintiff prevails against the official, the official must satisfy the judgment out of his own

>pocket, rather than have the government entity pay the damages. In addition, different legal theories may be necessary to prove liability in a personal-capacity, as opposed to an official-capacity, case. Also, different defenses are available to a defendant who is sued in his personal capacity. Therefore, courts do not generally consider an official sued in his personal capacity as being in privity with the government.

However, this distinction between official capacity and personal capacity claims is not ironclad. Where there is a sufficient identity of interest between a government official and the governmental entity or where the inclusion of the personal capacity claim amounts to nothing more than a pleading artifice, privity may be found to exist regardless of the fact that the official has been sued in his personal capacity. For instance, in Williams v. City of Allentown, 25 F.Supp.2d 599, 604 (E.D.Pa. 1998), the court determined that § 1983 claims brought against two municipal police officers in their personal capacities were barred by *res judicata* based upon the dismissal of a prior suit despite the fact that the officers were not parties to the prior proceeding. The court determined that the officers had a sufficiently close relationship with the defendants in the prior case such that they were in privity with those defendants:

>Additionally, the personal capacity suits against these individuals are also barred by *res judicata* as Bloom and Watson are in privity with the prior defendants. Absent some other factor, an individual sued in his or her personal capacity is not automatically in privity with a government entity as is the case in an official capacity suit. However, the Third Circuit has long recognized that privity is a legal conclusion; the privity inquiry should be flexible enough to acknowledge the realities of the parties' relationships. The court should examine whether there is such an identity of interests between the first and second party that the second should...be deemed in privity with the first. In this case, Bloom and Watson are being sued for their actions relating to an event that the court previously ruled, for reasons of qualified immunity, to be properly

-9-

> decided on summary judgment. These two individuals have a
> sufficiently close relationship with prior parties that they should be
> considered in privity with those former parties. Any other holding
> would reward litigants who failed, intentionally or not, to include
> all relevant parties in [an] action and would permit two (or possibly
> many more) attempts to try the same cause of action.

Williams, 25 F.Supp.2d at 604 (citations and quotations omitted). See also, e.g., Cohen v. Shea, 788 F.Supp. 66, 68 (D.Mass. 1992); Opdycke v. Stout, 2005 WL 3263871 at *5 (D.N.J.); Licari v. City of Chicago, 298 F.3d 664, 667 (7th Cir. 2002).

The "realities" of the relationship between Chief Oliver and the City are such that Chief Oliver should be considered in privity with the City for *res judicata* purposes. Chief Oliver was the head of the City of Detroit Police department at the time of the incidents that gave rise to both this cause of action and the prior suit, and thus either promulgated or was otherwise responsible for the policies or practices that resulted in the alleged deprivation of plaintiff's constitutional rights. The claims against him are predicated solely upon his role as a policy maker for the City's Police Department. There are no allegations in the complaint that Chief Oliver was personally involved in the alleged deprivation of plaintiff's constitutional rights. Rather, plaintiff, in effect, treats the City and Chief Oliver as one party for the purposes of his pattern or practice claims, all of which could have been raised in the prior suit. In his brief in reply to defendants' motion, plaintiff states that "this [is an] official capacity suit against the Defendant City of Detroit and its former Police Chief, Jerry Oliver," suggesting that plaintiff did not intend to sue Chief Oliver in his individual capacity. Based on these factors, the court finds that there is a sufficiently close relationship between Chief Oliver and the City such that they are in privity as to the personal

capacity claims brought against Chief Oliver. Accordingly, the court concludes that those claims are barred by *res judicata*.

**IV. Conclusion**

For the reasons stated above, the court recommends that defendants' motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address

each issue contained within the objections specifically and in the same order raised.

                                                                    s/Virginia M. Morgan
                                                                    VIRGINIA M. MORGAN
Dated:   April 24, 2006                  UNITED STATES MAGISTRATE JUDGE

Copies sent this date by electronic means to Marion R. Jenkins and by U. S. Mail to:

Leroy Fleming
330 Trowbridge
Detroit, MI 48202-1354