UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY J. FLEMING,

        Plaintiff,

                                      Case No. 04-74081

v.

                                      Honorable Nancy G. Edmunds

CITY OF DETROIT, et al,

        Defendants.

                                            /

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [35]**

This matter comes before the Court on Magistrate Judge Virginia Morgan's Report and Recommendation ("R & R").

Plaintiff has filed an objection to the R&R, in which he argues that many of his claims are not barred by the doctrine of res judicata because he could not have raised them in an earlier lawsuit, Case number 02-74146.  Specifically, Plaintiff argues that when he filed his 2002 lawsuit, he was barred from raising any claims relating to his arrest on March 29, 2002, based on *Heck v. Humphrey*, 512 U.S. 477 (1994), because until recently, there was a pending criminal case related to the March 29, 2002 arrest.

In *Heck*, the Supreme Court held that a plaintiff in a 42 U.S.C. § 1983 claim for damages related to a conviction or sentence has no cause of action unless the conviction or sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.  The purpose of the *Heck* rule is to prevent federal courts

from making decisions that would challenge state court rulings on state criminal law matters.

The Sixth Circuit has noted that "the concerns of *Heck* apply pre-conviction as well as post-conviction." *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999). Thus, in a case addressing when a plaintiff's statute of limitations began to run, the court explained,

> To require a defendant in a criminal proceeding to file a civil action raising any potential § 1983 claims within one year of any alleged illegal searches or other alleged violations of constitutional rights, claims which the federal court must then abstain from resolving until the disposition of the criminal proceedings, would misdirect the criminal defendant. Surely, just as a convicted prisoner must first seek relief through habeas corpus before his § 1983 action can accrue, so too should the defendant in a criminal proceeding focus on his primary mode of relief--mounting a viable defense to the charges against him--before turning to a civil claim under § 1983. Moreover, if the criminal defendant is eventually convicted, *Heck* would often require that a federal court then dismiss without prejudice any § 1983 claims that are filed because they have not yet accrued. We conclude that it is only appropriate that the statute of limitations not begin to run for criminal defendants seeking to file the same § 1983 claims until the disposition of any pending criminal proceedings.

*Id.* 399 (footnote omitted).

Plaintiff's  argument depends, of course, on his assertion that there were still "pending criminal proceedings" revolving around his March 29 arrest. This is where Plaintiff's argument falls apart.

In response to Plaintiff's objections, Defendant has filed a Supplement to its Motion for Summary Judgment and an exhibit demonstrating that Plaintiff's March 29, 2002 arrest was not related to events occurring on that date, but was instead related to  a disorderly conduct arrest on or around March 16, 1994. On March 29, 2002, officers simply arrested Plaintiff pursuant to an outstanding warrant from 1994. Thus, Plaintiff's success in a civil

lawsuit based on the events of March 29, 2002 would not undermine any future conviction based on an incident occurring in 1994.  *Heck* is inapplicable, as it provided Plaintiff no basis to forego claims related to the March 29, 2002 incident when he filed his 2002 lawsuit.[1]

Because all of Plaintiff's claims, including those related to his March 29, 2002 arrest, are barred by the doctrine of res judicata, the Court hereby ACCEPTS AND ADOPTS the Magistrate's Report and Recommendation.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 1, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 1, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1]Even if Plaintiff's arrest was related to the events of March 29, 2002, it is not clear that there was ever a "pending criminal proceeding" related to this event.  Plaintiff submits as evidence a "Cash Bond" receipt that he received on March 30, 2002, arguing that this receipt constitutes proof that he was facing prosecution.  This is not a criminal complaint, however, and therefore does not constitute proof of a "pending criminal proceeding."  When faced with a similar issue, albeit under California law, the Ninth Circuit explained,

> Gilliam contends that his § 1983 causes of action did not accrue until his bail was exonerated.  The accrual rule derived from *Heck* . . . does not apply because there was no "pending criminal prosecution" against Gilliam after June 28, 2001, when Gilliam was "discharged" and "no complaint was filed" against him.  A "booking charge" does not constitute a "pending charge" for purposes of tolling [in California].  Non-exoneration of bail does not mean a corresponding criminal proceeding is pending.

*Gilliam v. City of Santa Rosa*, 2006 U.S. App. LEXIS 16721, *2-3 (9th Cir. 2006).  Similarly, Plaintiff has not demonstrated that a "pending criminal proceeding" prevented him from raising all issues as to his March 29, 2002 arrest in his 2002 case.